UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TEDDY FARMER,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN DOES 1-4,

                                    Defendants.

**ECF CASE**

**COMPLAINT**

08 CV 1534 (DAB)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action, brought pursuant to 42 U.S.C. § 1983 and state law, alleging misconduct by the City of New York and several of its police officers. Plaintiff alleges that, on August 11, 2007, four police officers in plainclothes subjected him to false arrest, excessive force, assault, battery, an illegal strip search, and fabricated evidence in violation of the Fourth, Sixth, and Fourteenth Amendments to the Constitution and New York common law. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, unlawful strip search, and negligent hiring, training, supervision, and retention. With respect to these state

law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's constitutional rights and negligence occurred in Manhattan at NYPD Headquarters located at One Police Plaza and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officers John Does 1-4 are members of the NYPD who were involved in the arrest of plaintiff, and the torts arising out of plaintiff's arrest. John Does 1-4 are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of their fellow officers. John Does 1-4 are sued in their individual capacities.

## STATEMENT OF FACTS

8. On August 11, 2007, at approximately 12:00 a.m., plaintiff and a few of his friends were outside of 133 Macdonough Street, Brooklyn, New York talking and obeying the law.

9. At the above time and place, four unidentified police officers in plainclothes seized plaintiff without legal cause.

10. The officers, acting in concert, searched plaintiff without cause.

11. The officers did not find any illegal contraband on plaintiff.

12. The officers, acting in concert, handcuffed plaintiff excessively tight causing marks on plaintiff's wrists and interfering with plaintiff's circulation.

13. Plaintiff complained that the handcuffs were unnecessarily tight, but the officers ignored him.

14. Plaintiff was subsequently taken to the 79th Precinct for arrest processing.

15. At the 79th Precinct, the officers, acting in concert, strip searched plaintiff.

16. The officers did not find any illegal contraband on plaintiff.

17. On August 11, 2007, at approximately 1:00 p.m., officers transported plaintiff to Central Booking to await arraignment.

18. While plaintiff was confined in Central Booking, some or all of the officers conveyed false information to prosecutors in order to have plaintiff prosecuted.

19. In the morning of August 12, 2007, plaintiff was arraigned in criminal court. The criminal charges filed against plaintiff were adjourned in contemplation of dismissal.

20. As a result of the foregoing, plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, injuries to his wrists, and a loss of liberty from August 11, 2007 to August 12, 2006.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST JOHN DOES 1-4**

21. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-20 as if fully set forth herein.

3

22. The conduct of John Does 1-4, as described herein, amounted to false arrest, excessive force, an unlawful strip search, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK**

23. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-22 as if fully set forth herein.

24. The City of New York directly caused the constitutional violations suffered by plaintiff.

25. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including John Does 1-4, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

26. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST JOHN DOES 1-4

27. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-26 as if fully set forth herein.

28. The conduct of John Does 1-4, as described herein, amounted to false arrest, assault, battery, and an unlawful strip search in violation of New York state law.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

29. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

30. Because John Does 1-4 were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault, battery, and an unlawful strip search.

31. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained John Does 1-4.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:     February 14, 2008
           Brooklyn, New York

                                          CARDINALE & MARINELLI
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

By:


/s/
_____
RICHARD J. CARDINALE (RC-8507)